FERNÁNDEZ ET AL., DEMANDANTES Y APELANTES, *v.* FREIRÍA, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre rescisión de contrato.

No. 2401.—Resuelto en julio 28, 1921.

RESCISIÓN DE CONTRATOS—CAUSA DE ACCIÓN—DEMANDA INSUFICIENTE.—Convenida una compraventa con hipoteca por el precio aplazado y otorgada la escritura en esa forma compareciendo el comprador por medio de apoderado, más tarde, el vendedor, fundándose en que el apoderado no estaba facultado por su mandante para hipotecar, pidió, al amparo del artículo 1091 del Código Civil, la resolución del contrato, alegando en su demanda que en una copia notarial del poder no aparecía concedida la facultad de hipotecar, y que, aunque en otra copia expedida después aparecía tal facultad interlineada,

según su información y creencia el mandatario no tenía tal facultad. *Se resolvió:* que la demanda no aducía hechos bastantes para determinar una causa de acción, por cuanto la existencia alegada en la demanda de una copia notarial del poder conteniendo la facultad de hipotecar establece la validez de la hipoteca y el consiguiente cumplimiento por el comprador de la estipulación cuyo incumplimiento se alegaba como causa resolutoria.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. J. Texidor.*

Abogados del apelado: *Sres. Monserrat & Monserrat.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El fundamento de la demanda en este pleito es en pocas palabras que los demandantes y el demandado convinieron en la compraventa de unos condominios de dos casas por precio de 23,000 dólares de los cuales $13,000 serían entregados al firmarse la escritura y los restantes $10,000 debían quedar garantizados con hipoteca sobre los condominios vendidos; que el 5 de julio de 1919 se otorgó la escritura de venta en la que representó al comprador su apoderado Evaristo Freiría quien en nombre de su representado constituyó hipoteca sobre los condominios que compraba para responder de los 10,000 dólares que tenían que ser pagados en 5 de julio de 1923 sin que antes ni entonces ni hasta la fecha de la demanda estuviera facultado por su mandante para hipotecar sus bienes por lo que tal hipoteca no ha podido ser inscrita definitivamente en el registro de la propiedad pues la copia notarial del poder librada en 20 de junio de 1918 no contenía tal cláusula ni mandato, aunque en otra copia expedida después aparece interlineada la facultad para hipotecar, pero según información de los demandantes el poder original no contenía tal cláusula ni mandato alguno para hipotecar. Por estos hechos y alegando que el demandado no ha cumplido la condición de constituir una hipoteca válida para garantir el precio aplazado y que el comprador se ha negado al requerimiento de los demandantes para que el contrato de compraventa quede sin valor ni efecto alguno,

estando los demandantes dispuestos a devolver la cantidad que recibieron del precio, solicitan de la corte declare rescindido y sin valor ni efecto dicho contrato.

Excepcionada la demanda por el fundamento de no aducir hechos determinantes de causa de acción y sostenida por la corte inferior se registró sentencia declarando sin lugar la demanda, de la cual apelaron los demandantes.

Dispone el artículo 1091 del Código Civil que la facultad de resolver las obligaciones se entiende implícita en las recíprocas, para el caso de que uno de los obligados no cumpliere lo que le incumbe, y que el perjudicado podrá escoger entre exigir el cumplimiento o la resolución de la obligación, con el resarcimiento de los daños y abono de intereses en ambos casos. * * *

En este precepto legal es que los demandantes se amparan optando por pedir la resolución del contrato alegando la falta del demandado al convenio de constituir hipoteca por la parte del precio que quedó aplazado de la venta cuya resolución se interesa. De acuerdo con dicho artículo puede la parte perjudicada optar por cualquiera de las dos soluciones que la ley le reconoce sin que para ejercitar la acción tenga que alegar que carece de todo otro recurso legal para obtener la reparación del perjuicio, requisito que el artículo 1261 exige para los casos de rescisión mencionados en el artículo 1258 del mismo código. *Cruz* v. *Martínez*, resuelto por nosotros en 31 de enero de 1921, (página 66).

Sin embargo la demanda no aduce hechos determinantes de causa de acción porque según ella el demandado hipotecó a favor de los demandantes los condominios que les compró y si bien se expone que según información y creencia el poder original de Teodoro Freiría a Evaristo Freiría no contenía la facultad de hipotecar conferida a su apoderado, también alega que en la segunda copia notarial librada de dicho poder aparece esa facultad concedida, resultando así que la demanda alega que la hipoteca fué válidamente constituída

y que por tanto puede ser inscrita en el registro de la propiedad.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Hutchison.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.